IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Xing Ai Jin )<br><br>      Plaintiff, )<br>   v. )<br><br>Park Avenue Stem Cell, Inc., Okura Health )<br>LLC, Yoko Singer aka Yoko and Dr. Joel )<br>Singer )<br><br>      Defendants. ) | Case No. 18-cv-1007 |

## COMPLAINT

Plaintiff, Xing Ai Jin, on behalf of herself, through her attorneys, for her Complaint against Park Avenue Stem Cell, Inc., Okura Health LLC, Yoko Singer aka Yoko and Dr. Joel Singer ("Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiff. During the course of her employment by Defendants, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants did not pay her regular wage and also never compensated Plaintiff with the spread of hours pay nor overtime premium. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional.

## THE PARTIES

2.      Plaintiff is at all times relevant hereto employee of Defendants.

3.      Plaintiff is at all times relevant hereto individual employed in the State of New York by Defendants.

4.      Plaintiff has at all times relevant hereto resided in the State of New York.

5.      Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.      Plaintiff is filing this FLSA claim as an individual action for herself.

7.      For the period commencing on or about October 20, 2017, until December 10, 2017, Plaintiff Xing Ai Jin regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over ten (10) hours per day and over forty (40) hours per week.

8.      Plaintiff performed work for Defendants the said hours worked as an express condition of her continued employment.

9.      Plaintiff started to work for Defendants on about October 20, 2017, but Plaintiff was never paid her wage until January 9, 2018.

10.     Plaintiff was paid her wage when it was about 80 days later since she started to work for Defendants.

11.     Plaintiff was paid a check in the amount of $973.67 on January 9, 2018.

12.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of wages.

13.     Plaintiff performed manual labor for Defendants.

14.     Plaintiff was assigned to the said manual labor by Defendants.

15.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

16.     Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

17.     Plaintiff was required to report to work for Defendants at a certain time.

18.     Plaintiff could not set her own hours of work for Defendants.

19.     Defendants, Yoko Singer and Dr. Joel Singer are and were at all relevant times hereto engaged in the business of medical clinic.

20.     Defendants, Yoko Singer and Dr. Joel Singer are and were at all relevant times hereto engaged in the interstate commerce.

21.     Defendants, Yoko Singer and Dr. Joel Singer managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

22.     Defendants, Yoko Singer and Dr. Joel Singer participated in and approved of the unlawful pay practices of the business in New York, NY.

23.     Defendants, Yoko Singer and Dr. Joel Singer were involved in assigning work to Plaintiff.

24.     Defendants, Yoko Singer and Dr. Joel Singer had the power and authority to discipline Plaintiff.

25.     Defendants, Yoko Singer and Dr. Joel Singer exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26.     Defendants, Yoko Singer and Dr. Joel Singer hired Plaintiff.

27.     Defendants, Yoko Singer and Dr. Joel Singer were in charge of paying employees.

28.     Defendants, Yoko Singer and Dr. Joel Singer told Plaintiff where to work and when to work.

29.     Defendants employed Plaintiff to do work for them in the State of New York.

30.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

31.     Defendants provided the tools and equipment and materials for Plaintiff to do her job with Defendants.

32.     Defendants held Plaintiff out as an employee.

33.     Defendants employed and paid Plaintiff as their employee.

34.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

35.     Defendants' failure to properly pay Plaintiff for regular and overtime wages was intentional and willful.

36.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

37.     Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

38.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

39.     No exemption from overtime applies or applied to Plaintiff when she worked or works more than 40 hours in a workweek for Defendants.

40.     Defendants failed to pay Plaintiff regular and overtime wage for all hours worked.

41.     Defendants' failure to pay Plaintiff regular and overtime wage was intentional and willful.

42.     Defendant Park Avenue Stem Cell, Inc. is New York corporation and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

43.     Upon information and belief, Park Avenue Stem Cell, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

44.     Defendant Okura Health LLC is New York Limited Liability Company and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

45.     Upon information and belief, has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

46.        Upon information and belief, Defendant Park Avenue Stem Cell, Inc., Okura

Health LLC, at all relevant times, were employers as defined by FLSA and NYLL.

47.        Defendants, Yoko Singer aka Yoko and Dr. Joel Singer are citizens and

residents of State of New York and are the officer and the President of Defendants Park

Avenue Stem Cell, Inc., and Okura Health LLC

## JURISDICTION AND VENUE

48.        This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C.

§ 216(b). Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claim

49.        Plaintiff hereby incorporates by reference the foregoing paragraphs of this

Complaint into this count.

50.        The FLSA requires employers, such as Defendants, to pay employees the

minimum wage for all hours worked.

51.        At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the

FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal

minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has

been $7.25 an hour.

52.        During the applicable statute of limitations, Defendants have failed to pay

Plaintiff the federally mandated minimum wage for all hours worked.

6

53.     Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

54.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55.     Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

56.     Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, plaintiff prays for judgment in her favor and against the defendants, and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

B.  interest on all amounts awarded;

C.  attorneys' fees, together with costs of suit and collection; and

D.  such further relief as may be fair and just in the premises

## COUNT II
## FAIR LABOR STANDARDS ACT
### Overtime Wages Claim

57.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

58.     This count arises from Defendants' repeated violation of the Fair Labor

Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

59.     For the period commencing on or about October 28, 2017, until December 10, 2017, Plaintiff Xing Ai Jin regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

60.     From October 28, 2017, until December 10, 2017, Plaintiff began her work at 7:00 a.m. and ended 7 p.m. ~ 9:30 p.m. for 7 days per week. Sometimes she ended her work at 11:30 pm or 12:00 a.m. She worked over 12 hours a day and over 84 hours per week regularly.

61.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of regular and overtime wages.

62.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

63.     During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

64.     Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

65.     Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

66.     Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

67.     Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

68.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Spread of Hours

69.     Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) an extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

70.     Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

71.     Defendants never paid any additional compensation for working a "spread of hours" exceeding ten (10) hours per day to Plaintiff.

9

72.     Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

**COUNT IV**
**NEW YORK LABOR LAW**
**Minimum Wages Claim**

73.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

74.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

75.     The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law §650 et seq. Plaintiff brings this action pursuant to NYLL §663.

76.     At all relevant times herein, Defendants were "employers" as defined in the NYLL §651-6, and Plaintiff was "employee" within the meaning of that Act §651-5.

77.     Pursuant to NYLL §652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

78.     Defendants did not compensate Plaintiff minimum wages for all hours worked.

79.     Defendants violated the New York Labor Law by refusing to compensate Plaintiff minimum wages for all hours worked.

80.     Pursuant to 19 NYLL 663-1 & 4, Plaintiff is entitled to recover her unpaid wages together with costs all reasonable attorney's fees, prejudgment interest and an additional amount as liquidated damages equal to one hundred percent(100%) of the total of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid minimum wages for all hours worked;

B.  Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C.  Reasonable attorney's fees and costs incurred in filing this action; and such other and
     further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of NYLL - Overtime Wages**

81.        All allegations of the Complaint are expressly incorporated herein and Plaintiff

repeats and re-alleges each and every allegation set forth in this Complaint as though set

forth fully at length herein.

82.        This Court has supplemental jurisdiction over the matters alleged herein

pursuant to 28 U.S.C. §1367.

83.        The matters set forth in this Count arise from Defendant's violation of the

overtime compensation provisions of the 12 NYCRR §142-2.2.

84.        Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked

in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half

times her normal hourly rate of pay for hours worked in excess of forty (40) hours per

week.

85.        Defendants failed to compensate Plaintiff's overtime wages for hours worked in

excess of forty (40) in individual work weeks.

86.        Defendants violated the NYLL overtime wage Law by not compensating

Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work

weeks.

87.        Defendants willfully violated the NYLL overtime wage law by refusing to

11

compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

## COUNT VI
### Time of Hire Wage Notice Requirement

88.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.      The NYLL and supporting regulations require employers to provide a written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

90.      Defendants intentionally failed to provide notice to employees in violation of Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime on her or her first day of employment.

91.      Defendants not only failed to provide notice to each employee at Time of Hire but also failed to provide notice to each Plaintiff even after the fact.

12

92.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VII
### Pay Stub Requirement

93.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.     The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

95.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

96.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**WHEREFORE**, Plaintiff, on behalf of herself, and the FLSA collective plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall

inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid overtime premium due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i) An award of unpaid overtime wages due under FLSA and New York Labor Law;

j) An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law.

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and spread of hours premium pursuant to New York Labor Law;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### JURY TRIAL

A jury trial is demanded on all Counts.


Respectfully submitted,

Dated: February 15, 2018


 /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Attorney for Plaintiff