

## RHA & KIM LLP
### ATTORNEYS AT LAW

MEGAN RHA, ESQ.
D. JENNY KIM, ESQ.

215-45 NORTHERN BLVD. SUITE 200
BAYSIDE, NY 11361
TEL. (718) 321-9797
FAX. (718) 321-9799
EMAIL. INFO@RHAKIMLAW.COM

ANDREW D. GROSSMAN, ESQ.
PATRICK J. MCILWAIN, ESQ.
YOUNGHOON JI, ESQ.

June 12, 2018

*Via ECF*
Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re:**     Jin v. Park Avenue Stem Cell, Inc. et al.
                  18 cv-01007-WFK-ST

Dear Judge Kuntz:

      This firm represents the Defendants, Park Avenue Stem Cell, Inc., Okura Health, LLC, Yoko Singer, and Dr. Joel Singer, in the above-referenced matter. This letter is being submitted in response to Plaintiffs' letter motion requesting initial collective action certification under the Fair Labor Standards Act ("FLSA").

      Courts in this Circuit apply a two-step method in certifying a FLSA collective action. The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). The court may send this notice after plaintiffs make "a modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997). However, the "modest factual showing" cannot be satisfied simply by "unsupported assertions." *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991). While only a "modest factual showing" is required, the burden on a plaintiff "is not non-existent and the factual showing, even if modest, must still be based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010).

      At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. *Myers*, 624 F.3d at 555. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008).

Here, Plaintiffs fail to meet the initial threshold. As a preliminary matter, they have brought this suit against two individuals and two different corporations, and their complaint and letter-motion treat all four as though they are the employer.

Plaintiffs here were employed by Yoko Singer to work in her home, and to work at her business, Okura. Dr. Singer, her husband, has been included in the complaint without factual basis, as has his medical practice, Park Avenue Stem Cell. Neither Dr. Singer nor Park Avenue Stem Cell have ever employed, supervised, paid, managed, or directed any of the named Plaintiffs.

Should the Court grant FLSA collective status, it would require Dr. Singer's medical practice to disclose employee information, despite any nexus between the individual Plaintiffs and that business. There can be no "similarly situated" employees for Park Avenue Stem Cell, as it never employed Plaintiffs herein in the first place. There is no evidence, beyond unsupported assertions, that any of these Plaintiffs worked for Dr. Singer or his business.

Plaintiffs' allegations, without more, provide this Court with no objective criteria for determining whether the Defendants have a 'common plan or policy' with regards to other employees, and that there is no evidence in the record that Plaintiffs had any interaction with or personal knowledge of the salary structure of any employees, or that Defendants applied uniform salary practices across their entire respective operations. The declarations of the Plaintiffs submitted as part of the Plaintiffs' letter motion devoid of any factual assertions and simply state in wholly conclusory fashion that "upon information and belief, many of my co-workers worked in excess of 40 hours per week for the defendants, but were not paid proper amount regardless of the number of hours they worked in a workweek." ECF No. 13-1.

Such a blanket conclusory assertion is not enough to satisfy the standards of "modest factual showing." *See, e.g., Islam v. Byo Co. (USA), Ltd.*, 2017 WL 2693717, at *6 (S.D.N.Y. June 20, 2017) (denying conditional certification where plaintiffs' declarations "contain[ed] no non-conclusory allegations demonstrating that they [had] knowledge of how" other employees of defendants were paid); *Dybach*, 942 F.2d at 1567 (the "modest showing" cannot be satisfied simply by "unsupported assertions"); *Guillen*, 750 F.Supp.2d at 480 (while only a "modest factual showing" is required, the burden on a plaintiff "is no non-existent and the factual showing, even if modest, must still be based on some substance.").

Plaintiffs' assertions are not only wholly conclusory, but also do not explain the basis for their knowledge concerning Defendants' wage practices regarding other employees. *See, e.g., Fu v. Mee May Corp.*, No. 15 CIV. 4549 (KPF), 2016 WL 1588132, at *2 (S.D.N.Y. Apr. 20, 2016) ("where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations"); *Sanchez v. JMP Ventures, LLC*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan 27, 2014) (rejecting affiant's allegation that restaurant had a common practice of FLSA violations based on affiant's observation of and conversations with other employees, because affiant did not provide "any detail as to a single such observation or conversation").

Plaintiffs have not provided any factual basis from which this Court can conclude that they have personal knowledge of what and how other employees are paid. Moreover, when Plaintiffs refer to "many of my co-workers" in their declarations, Plaintiffs have not provided any factual basis as to whether those co-workers or other employees performed the same duties, whether they held the same position, or whether they received the same wages as the declarants. Plaintiffs' evidence provides this Court with no objective criteria for determining whether the Defendants have a 'common plan or policy' with regards to other employees, and therefore, Plaintiffs have failed to establish that those other employees are similarly situated to the Plaintiffs. *See, e.g., Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *9 (S.D.N.Y. Oct. 22, 2008) (Plaintiffs must proffer "substantial allegations of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation").

Finally, Plaintiffs' conclusory assertions- which are not supported by any factual evidence and are based only upon information and belief- are not sufficient to make the assertions plausible. *See, e.g., Barfield v. N.Y. City Health & Hosps. Corp.*, No. 05 CIV. 6319 (JSR), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification where the plaintiff alleged that, based on "limited anecdotal hearsay," other nurses were not paid overtime); *Levinson v. Primedia, Inc.*, no. 02 CIV 2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where the plaintiffs merely alleged that they were not paid minimum wage or overtime, but provided no factual evidence other than the conjecture contained in the plaintiff' affidavits that other employees were subject to the same policies); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) (the initial ad hoc FLSA class certification requires plaintiff to provide more than his own speculative allegations).

Because Plaintiffs have not pled or alleged facts that plausibly demonstrate that they and other members of the proposed collective were victims of a common policy or plan that violates the FLSA, Plaintiffs' motion for leave to disseminate notice to potential opt-in plaintiffs must be denied.

**WHEREFORE**, Defendants respectfully request that the instant letter motion be denied, and that Defendants recover their costs, attorneys fees, and such other, further, and different relief as the Court deems just and proper.

Respectfully submitted,

RHA & KIM, LLP
By: Andrew D. Crossman, Esq.

cc:   Ryan J. Kim, Esq. (via electronic mail)