# RHA & KIM LLP
### ATTORNEYS AT LAW

MEGAN RHA, ESQ.
D. JENNY KIM, ESQ.

215-45 NORTHERN BLVD, SUITE 200
BAYSIDE, NY 11361
TEL. (718) 321-9797
FAX. (718) 321-9799
EMAIL. INFO@RHAKIMLAW.COM

ANDREW D. GROSSMAN, ESQ.
PATRICK J. MCILWAIN, ESQ.
YOUNGHOON JI, ESQ.

November 29, 2018

*Via ECF*
Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  Jin v. Park Avenue Stem Cell, Inc. et al.
        18 cv-01007-WFK-ST

Dear Judge Kuntz:

  This firm represents the Defendants, Park Avenue Stem Cell, Inc., Okura Health, LLC, Yoko Singer, and Dr. Joel Singer, in the above-referenced matter. This letter is being submitted in response to Plaintiffs' letter motion requesting initial collective action certification under the Fair Labor Standards Act ("FLSA").

  Courts in this Circuit apply a two-step method in certifying a FLSA collective action. The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). The court may send this notice after plaintiffs make "a modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997). However, the "modest factual showing" cannot be satisfied simply by "unsupported assertions." *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991). While only a "modest factual showing" is required, the burden on a plaintiff "is not non-existent and the factual showing, even if modest, must still be based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010).

  At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. *Myers*, 624 F.3d at 555. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008).

Here, Plaintiffs fail to meet the initial threshold as to Park Avenue Stem Cell and Dr. Joel Singer. As a preliminary matter, they have brought this suit against two individuals and two different corporations, and their complaint and letter-motion treat all four as though they are the employer.

Plaintiffs here were employed by Yoko Singer to work in her home. In the declaration of Ying Ai Jin[1] appended to the letter motion, the declarant states "I personally know that there are many other people defendants hired to do the same or similar jobs as I did but did not get paid by defendants. Yoko ran ads on Korean newspaper for domestic help and hired people. Yoko also used temp agency to hire people. Yoko hired people and made them work for a few weeks and then when the workers ask for their pay, she would fire them and would not pay their wages claiming that the worker stole something from her house or because they lacked work authorization, she would call ICE."

Similarly, in the declaration of Yingcai Chi, the declarant states "Yoko handled hiring for people like me who did the work I describe above. She ran ads on Korean Newspaper to recruit people to work. Because she repeatedly fired people in about 2 weeks or so without paying any wage, she constantly needed to hire new people. She also relied on temp agency to fill **the position** and she used numerous such agency to hire people. I saw she had lists of temp agency she used to fill the position. I talked with other women who worked for defendants and was accused of breaking things or stealing things and Yoko would threaten to call the police and kick them out without giving any pay for the work they did (sic, emphasis added)."

As this passage makes apparent, the only evidence presented of any "similarly situated" employees are for domestic workers hired by Yoko Singer. Dr. Singer, her husband, has been included in the complaint without factual basis, as has his medical practice, Park Avenue Stem Cell. Neither Dr. Singer nor Park Avenue Stem Cell have ever employed, supervised, paid, managed, or directed any of the named Plaintiffs. In fact, Park Avenue Stem Cell is a medical practice that does not employ any non-medical staff.

Yingcai Chi's reference to "the position" above is especially telling: the position held by all of the named plaintiffs in this matter is that of a domestic worker hired by Yoko Singer to assist her with personal tasks in her home and office. Only one such employee was hired at a time. In their letter-motion, however, Plaintiffs are seeking to vastly expand the reach of this action to include not only similarly situated employees of Yoko Singer, but entirely separate classes of employees working for different employers.

Should the Court grant FLSA collective status, it would require Dr. Singer's medical practice to disclose employee information, despite any nexus between the individual Plaintiffs and that business. There can be no "similarly situated" employees for Park Avenue Stem Cell, as it never employed Plaintiffs herein in the first place. There is no evidence, beyond unsupported assertions, that any of these Plaintiffs worked for Dr. Singer or his business.

---

[1] In the first paragraph of that declaration, Ying Ai Jin states "I am a plaintiff in the above-captioned action." Defendants note that there is a similarly named plaintiff, Xing Ai Jin, but no reason is given why the name of this plaintiff may have changed since the time of filing.

Plaintiffs' allegations, without more, provide this Court with no objective criteria for determining whether the Defendants have a 'common plan or policy' with regards to other employees. Due to Plaintiffs' overreach, the Court is given no objective basis for determining who would be a similarly-situated employee. The declarations provide limited answers, with such vagaries as "there was a Hispanic lady who was in mid-20s;" "a Korean lady last named Hwang who came from Hawaii worked for Defendants;" and "I personally know that there are many other people defendants hired to do the same or similar job as I did but did not get paid by defendants."

The burden here is on the movants, and they cannot carry that burden through such vague, all-encompassing allegations. There is no allegation made in anything other than conclusory form that ties any of the parties except Yoko Singer to the actions complained of by the moving parties. Such a blanket conclusory assertion is not enough to satisfy the standards of "modest factual showing." *See, e.g., Islam v. Byo Co. (USA), Ltd.*, 2017 WL 2693717, at *6 (S.D.N.Y. June 20, 2017) (denying conditional certification where plaintiffs' declarations "contain[ed] no non-conclusory allegations demonstrating that they [had] knowledge of how" other employees of defendants were paid); *Dybach*, 942 F.2d at 1567 (the "modest showing" cannot be satisfied simply by "unsupported assertions"); *Guillen*, 750 F.Supp.2d at 480 (while only a "modest factual showing" is required, the burden on a plaintiff "is no non-existent and the factual showing, even if modest, must still be based on some substance.").

Additionally, the proposed notice is defective on its face. The proposed notice states that it would apply to "all employees of Park Avenue Stem Cell, Inc, Okura Health LLC, Yoko Singer and Joel Singer who worked as maid, kitchen worker, cleaning worker, janitors, reception, office clerk, nurse and administrator or any similar job title at any time between February 16, 2012, and the present." Later, however, they state that a party may join the lawsuit if they "work or worked as Kitchen Helper, Cashier, Stocker, Bagger, Receiving, Pricing, Office Clerk and General Manager and etc"(Exhibit B p. 3). Additionally, the proposed notice contains several pages of what appear to be Korean and Spanish versions, but no certificate of translation is provided. Given the internal inconsistencies in the notice itself, there is no assurance here that the foreign-language versions are true translations of the originals.

Plaintiffs' evidence provides this Court with no objective criteria for determining whether the Defendants have a 'common plan or policy' with regards to other employees, and therefore, Plaintiffs have failed to establish that those other employees are similarly situated to the Plaintiffs. *See, e.g., Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *9 (S.D.N.Y. Oct. 22, 2008) (Plaintiffs must proffer "substantial allegations of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation").

Additionally, Plaintiffs' conclusory assertions- which are not supported by any factual evidence and are based only upon information and belief- are not sufficient to make the assertions plausible. *See, e.g., Barfield v. N.Y. City Health & Hosps. Corp.*, No. 05 CIV. 6319 (JSR), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification where the plaintiff alleged that, based on "limited anecdotal hearsay," other nurses were not paid overtime).

Moreover, in evaluating this second attempt at FLSA certification, the Court should consider the glaring inconsistencies between the declarations furnished with the initial letter-motion, and those included with this motion. Those first declarations are incorporated by reference here as Docket 13-1 in this case. For instance, in a declaration filed on May 30, 2018, Ying Ai Jin stated "my primary duty was cleaning house and office, preparing food for visitors who visited their office to attend seminars, I performed manual labor for Defendants." (Par. 5). In this more recent declaration- in which Plaintiffs are attempting to establish a nexus between their work and the medical practice- Ying Ai Jin states "my primary duty was cleaning the basement and the first floor of the hospital. I cleaned three bathrooms and every room in the hospital including Dr. Singer's room. I gathered empty boxes, tied and recycled them. After cleaning, I prepared lunch for employees of the Park Avenue Stem Cell included Dr. Singer and Yoko." (Par. 4).

Plaintiffs were domestic workers hired by Yoko Singer. They have shown no nexus or similar-situated status between themselves and any other class of worker. They have certainly made no showing at all of a nexus between themselves and Dr. Singer or his medical practice, Park Avenue Stem Cell, Inc., which is distinct from Okura Health, which is owned and operated by Yoko Singer.

The proposed relief sought by Plaintiffs demonstrates that this is designed not to obtain relief for actual similarly-situated employees, but to obtain a fishing license against the Defendants. In addition to requesting information for all employees from all defendants, they seek telephone information, without providing any explanation in their letter-motion as to why this is appropriate or proper, and note that they will subpoena based on this information.

Finally, we note that the declarations furnished in support of the letter-motion are defective on their face. The declaration of Ying Ai Jin, who we assume is the same person identified in the caption as Xing Ai Jin, is not signed- there is a printed name on the signature line. Neither that declaration nor the declaration of Yingcai Chi has been notarized.

Because Plaintiffs have not pled or alleged facts that plausibly demonstrate that they and other members of the proposed collective were victims of a common policy or plan that violates the FLSA, Plaintiffs' motion for leave to disseminate notice to potential opt-in plaintiffs must be denied.

**WHEREFORE**, Defendants respectfully request that the instant letter motion be denied, and that Defendants recover their costs, attorneys fees, and such other, further, and different relief as the Court deems just and proper.

Respectfully submitted,

RHA & KIM, LLP
By: Andrew D. Crossman, Esq.

cc:   Ryan J. Kim, Esq. (via electronic mail)